# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| RICO SINGLETON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:18CV537 HEA ) |
| BETHESDA HEALTH GROUP, INC., et al., | ) ) ) |
| Defendants | ) ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court is Plaintiff's motion to remand, [Doc. No. 13]. Defendants oppose the Motion. For the following reasons, the motion is granted.

## Facts and Background

Plaintiff was employed by Defendants in the housekeeping department for approximately 14 years prior to the termination of employment. Plaintiff filed this action in the Circuit Court for the City of St. Louis Missouri alleging violation of the Missouri Human Rights Act (MHRA), Rev. Mo. Stat. § 213.010, *et. seq.*, by discriminating against him because of his daughter's disability and the need for Family Medical Leave Act ("FMLA") leave, and retaliating against him for complaining about the discrimination. Specifically, Plaintiff asserts that Defendants engaged in associational disability discrimination against him by

"giving him trouble" for taking time off, disciplining Plaintiff in the form of oral counseling or a write up, and requiring Plaintiff to submit new FMLA paperwork. Plaintiff also claims that he was told he would not be given a lead/supervisory position for which he was well qualified because of his "FMLA needs."

Defendants removed the case, asserting that Plaintiff's claims arise under federal law because the claims are based on the benefits and protections afforded by the FMLA. Defendants claim that Plaintiff's factual allegation section of his Petition is "replete with mention of the FMLA, and that in Count I, Plaintiff claims his use of FMLA leave was a contributing factor in the discriminatory and harassing conduct of Defendants. Plaintiff argues that the Court lacks subject matter jurisdiction because his petition asserts only state law causes of action and his claims do not depend on finding a violation of federal law, and requests an award of fees and costs incurred in filing the motion to remand.

**Discussion**

Federal courts are courts of limited jurisdiction. *Ark. Blue Cross and Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Therefore, removal statutes are strictly construed. *See Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002). "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction, and all doubts about federal

jurisdiction must be resolved in favor of remand." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015) (citations omitted).

Section 1441(a) permits removal of any civil action "of which the district courts of the United States have original jurisdiction." As relevant here, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether subject matter jurisdiction exists, district courts look to "whether a 'federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

In the "vast bulk" of suits within Section 1331's grant of jurisdiction, "federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Even "[w]hen federal and state law provide overlapping remedies, a plaintiff may normally avoid federal question jurisdiction by pleading only a cause of action under state law." *Dudek v. Prudential Sec., Inc.*, 295 F.3d 875, 879 (8th Cir. 2002) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Plaintiff alleges associational discrimination and retaliation in violation of the MHRA, a state statute. Even if Plaintiff could have brought similar claims under the FMLA instead of the MHRA, Plaintiff, as "master of [his] complaint, ...

may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398–99 (1987). The fact that state and federal law provide overlapping remedies does not mean Plaintiff's MHRA claims arise under federal law.

District courts also have jurisdiction when "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *see also Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (describing federal jurisdiction under *Grable* as applying to a "special and small category of cases"); *Great Lakes*, 843 F.3d at 329 ("Federal question jurisdiction exists if ... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."). *Grable* does not apply here because Plaintiff's claims do not necessarily raise a substantial federal issue.

Plaintiff's allegations regarding the FMLA are not necessarily raised. "To establish a *prima facie* case under the MHRA the plaintiff must show that: (1) he is legally disabled; (2) he was discharged or suffered an adverse employment action; and (3) the disability was a factor in his discharge or adverse employment action." *Baldridge v. Kansas City Pub. Sch.*, 552 S.W.3d 699, 710 (Mo. Ct. App. 2018)

4

(citing *Harvey v. Mo. Dept. of Corr.*, 379 S.W.3d 156, 160 (Mo. 2012)). Plaintiff lists Defendant's harassment and retaliation for using the FMLA as one of multiple examples of discriminatory conduct. The gravamen of the claims is whether Plaintiff suffered any adverse employment action, and as only "one of many instances of discrimination[,] ... the resolution of [the claims do] not hinge on any interpretation or application of the FMLA." *Miller v. Metro. Sewer Dist.*, No. 10-0363, 2010 WL 2399553, at *2 (E.D. Mo. June 10, 2010) (citation omitted). Plaintiff lists oral counseling and write ups, requiring additional paperwork and denial of a supervisory position as instances of the discriminatory conduct. "If the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not 'arise under' federal law for the purposes of § 1331." *Dixon v. Coburg Dairy, Inc.*, 359 F.3d 811, 817 (4th Cir. 2004) (cited with approval in *Central Iowa Power Coop. v. Midwest Indep. Transmission Operator, Inc.*, 561 F.3d 904, 914 (8th Cir. 2009)). Plaintiff's claims merely mention the FMLA as the type of leave for which he was out of work; he does not claim the FMLA was violated in any way. Indeed, he acknowledges that he was given leave, but was discriminated against because of associational discrimination. Accordingly, this claim does not confer federal jurisdiction.

A retaliation claim under the MHRA requires a showing that 1) plaintiff complained of discrimination, 2) the employer took adverse action, and 3) there is

a causal relationship between the complaint and the adverse action. *See Jain v. CVS Pharmacy, Inc.*, 779 F.3d 753, 760 (8th Cir. 2015) (listing elements). Plaintiff's claim for retaliation references the FMLA because the leave he took was FMLA leave. But whether Plaintiff was entitled to the requested leave under the FMLA is not relevant to his claim. *See Minze v. Missouri Dep't of Pub. Safety*, 437 S.W.3d 271, 276 (Mo. Ct. App. 2014) ("[I]t is irrelevant to a claim of retaliation that the act complained of was not legally actionable."); *see also Davis v. Oliver St. Dermatology Mgmt., LLC*, No. 17-0250-FJG, 2017 WL 3494231, at *2 (W.D. Mo. Aug. 15, 2017) ("[T]here is no need for the factfinder to determine whether plaintiff's FMLA rights were violated—instead, the relevant question is whether plaintiff complained of discriminatory conduct, and thereafter the employer took adverse action."). Therefore, the fact that Plaintiff's leave was FMLA leave is not a necessary element of the retaliation claim, and this claim does not create federal jurisdiction.

Plaintiff does not allege a violation of his FMLA rights, nor is he seeking relief for lost benefits under the FMLA. Plaintiff's claims do not depend on the resolution of whether his FMLA rights were violated, and he has not advanced a violation of his FMLA rights as a primary ground for relief. Rather, Plaintiff is asserting state law claims of associational disability discrimination and retaliatory discharge.

**Request for Attorneys' Fees**

Plaintiff requests an award of fees and costs associated with the filing of his motion to remand. A district court may require a removing party to pay "just costs and any actual expenses, including attorney fees, incurred as a result of removal" in an order to remand. 28 U.S.C. § 1447(c). However, absent unusual circumstances, an award is appropriate "only where the removing party lacked an objectively reasonable basis for seeking removal.... [W]hen an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As set forth above, Plaintiff's multiple references to the FMLA created an objectively reasonable basis for seeking removal in this case. Therefore, Plaintiff's request for costs and fees is denied.

**Conclusion**

Based upon the foregoing analysis, Plaintiff's motion to remand, [Doc. No. 13], is granted, but his request for costs and fees is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc.No. 13, is granted.

**IT IS FURTHER ORDERED** that Plaintiff's request for attorneys' fees is denied.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for the City of St. Louis, Missouri.

Dated this 21st day of December, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE